IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLINT FOSTER, STACY COSTA )
and A.G., a minor, by and through )
her mother and next of friend, )
TONI GAON )
 )
    Plaintiffs, )
 )
    v. ) CIV. ACT. NO. 2:19-cv-575-ECM
 ) (WO)
IVONA M. DAVIS, )
JOHN N. III, INC., and )
JOHN N. JOHN TRUCK LINE, INC., )
 )
    Defendants. )

## MEMORANDUM OPINION and ORDER

## I. INTRODUCTION

On August 16, 2018, Clint Foster, Stacy Costa, and A.G., a minor, by and through her mother and next of friend, Toni Gaon (collectively "Plaintiffs") filed an amended complaint in the Circuit Court of Montgomery County, Alabama against Ivona Davis, John N. John III, Inc., and John N. John Truck Line, Inc. (collectively "Defendants"). (Doc. 1-2). In their amended complaint, the Plaintiffs assert various personal injury and property damage claims against the Defendants arising out of a motor vehicle accident. (*Id.* at 2).

On August 9, 2019, the Defendants removed the case to this Court based on diversity jurisdiction. 28 U.S.C. § 1332 and § 1441. Specifically, the Defendants allege that Plaintiff Foster's responses to their requests for admissions concerning damages "should be deemed 'other paper' sufficient to permit removal under 28 U.S.C. § 1446(b)(3) . . .." (Doc. 1 at 9).

The Plaintiffs disagree, contending that the Defendants' removal is procedurally defective because Plaintiff Foster's admissions "do not unambiguously establish the jurisdictional amount in controversy." (Doc. 13 at 2). In the alternative, the Plaintiffs argue that the Defendants' removal is untimely because it is not based on information obtained for the first time. (*Id*. at 2-3). Upon consideration of the motion, and for the reasons that follow, the Court concludes that the Motion to Remand is due to be granted.

## II. BACKGROUND

The Plaintiffs' claims arise out of a three-car collision that took place on Interstate 85 in Montgomery County, Alabama. (Doc. 1-2 at 2). Specifically, the Plaintiffs contend that Defendant Davis "negligently, recklessly, and/or wantonly failed to operate her vehicle in a reasonable manner," causing her to collide with both Plaintiff Foster's vehicle and Plaintiff Costa's and Plaintiff Gaon's vehicle. (*Id*.). Moreover, Defendant John N. John III, Inc. owned the vehicle that Defendant Davis operated on the day of the collision and Defendant John N. John Truck Line, Inc. employed Defendant Davis. (*Id*. at 3). Based on these events, the Plaintiffs seek both compensatory and punitive damages against the Defendants for an unspecified amount. (Doc. 13 at 1).

The parties agree that complete diversity exits among them. (*Id*.). They dispute, however, whether Plaintiff Foster's damages exceed the jurisdictional threshold of $75,000 that is required when removal is based on § 1332(a). Because the Plaintiffs' amended complaint failed to specify an amount for Plaintiff Foster's damages, the Defendants sought discovery concerning the amount in controversy. (Doc. 1 at 8). On March 20, 2019, Plaintiff Foster responded to the Defendants' discovery requests, providing a list of his

2

medical treatment providers and a sum certain figure concerning his property damage claim. (*Id*.). Plaintiff Foster did not provide a figure or estimate for his medical expenses, stating "Plaintiff is still receiving treatment and expenses are still occurring." (*Id*.).

The Defendants issued third-party subpoenas to Plaintiff Foster's medical treatment providers, requesting billing records associated with his post-collision care. (*Id*. at 9). On June 18, 2019, after receiving billing records from the medical providers, the Defendants sent Plaintiff Foster requests for admission to "confirm the additional treatment and other matters necessary to establish diversity jurisdiction." (*Id*.). Based on those responses, the Defendants removed the case.

In their notice of removal, filed August 9, 2019, the Defendants argue that the following admissions constitute "other paper" for the purposes of establishing the minimum amount in controversy: (1) Plaintiff Foster admitted receiving post-collision treatment from a number of medical providers; (2) Plaintiff Foster admitted undergoing a lumbar fusion procedure that required hospitalization for at least two nights; and (3) Plaintiff Foster admitted that he is continuing to experience physical pain and physical limitation, is continuing to seek treatment for mental health symptoms, and is continuing to lose wages on a post-surgical basis. (*Id*.).

On September 7, 2019, the Plaintiffs filed a motion to remand, asserting that the Defendants have failed to unambiguously establish that the amount in controversy exceeds $75,000. (Doc. 13). Thus, the issue before the Court is whether the Defendants have met their burden of establishing that the amount in controversy exceeds $75,000.

### III. STANDARD OF REVIEW

"Federal Courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Dudley v. Eli Lilley & Co.*, 778 F.3d 909, 911 (11th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). In fact, in light of their limited jurisdiction, federal courts are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Charon-Bolero v. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005). When jurisdiction turns on removal, "federal courts are directed to construe removal statutes strictly" and "all doubts about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Moreover, "in evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)).

### IV. DISCUSSION

*A. "Other Paper" Standard*

Because no basis existed for removal within 30 days of service of the Plaintiffs' initial pleading, the Defendants rely on 28 U.S.C. § 1446(b)(3) to support their removal. (Doc. 1 at 8). In relevant part, § 1446(b)(3) provides: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may first be ascertained that the case is one which is or has become removable." When removal is based on "other paper," the defendant must satisfy three elements: "there must be (1) 'an

4

amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007) (quoting § 1446(b)). Moreover, in the context of § 1446(b)(3) removals, "the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Id.*

This heightened standard, requiring the removing party to "unambiguously establish" the amount in controversy, differs from the traditional burden associated with proving the amount in controversy – preponderance of the evidence. *See Exum v. State Farm Fire & Cas. Co.*, 821 F.Supp.2d 1285, 1291 (M.D. Ala. 2011) (finding "[t]he *Lowery* case appears to have elaborated a different and more rigorous burden than the preponderance of the evidence burden . . .."); *Allen v. Thomas*, 2011 WL 197964, at *5 (M.D. Ala. 2011) (noting "the 'unambiguously establishes' standard and the less rigorous preponderance of the evidence standard [are] at odds."); *Advantage Med. Elecs., LLC v. Mid-Continent Cas. Co.*, 2014 WL 1764483, at *5 (S.D. Ala. 2014) (explaining the "unambiguously establishes" standard is different and more exacting than the preponderance of the evidence burden).

Importantly, the "unambiguously establishes" standard applies when a plaintiff files a timely motion to remand pursuant to 28 U.S.C. § 1447(c). *See Lowery*, 483 F.3d at 1213 n.64. When plaintiffs take such action, as they did here, they are "deemed to be 'challenging both the procedural propriety of the *removal* itself' as well as 'whether *subject matter* jurisdiction exists at all.'" *Exum*, 821 F.Supp.2d at 1292 (quoting *Lowery*, 483 F.3d

at 1213 n.64) (emphasis in original).

B. "Other Paper" Analysis

To begin, the Defendants contend in their notice of removal that the Court should apply the preponderance of the evidence standard when evaluating whether Plaintiff Foster's damages exceed the jurisdictional threshold of $75,000. (Doc. 1 at 9). However, the Defendants appear to later concede, in their response to the motion to remand, that they must unambiguously establish the amount in controversy. (Doc. 19 at 3). The Court concludes that the "unambiguously establishes" standard of proof applies to the Defendants' removal.

Under this heightened standard, Plaintiff Foster's responses to the Defendants' request for admissions concerning his personal injury damages fail to unambiguously establish federal jurisdiction.[1] Therefore, the Court concludes that this case must be remanded to the Circuit Court of Montgomery County, Alabama.

The Defendants assert that they "could not ascertain the damages claimed due to injuries sustained [by Plaintiff Foster] until they obtained the interrogatory responses . . . , the medical records from the providers, *and* then finally obtained Foster's responses to the Requests for Admissions which linked the injuries claimed to have been sustained in the accident to the actual expense of the medical treatment provided as a result of those injuries." (Doc. 19 at 3) (emphasis in original). In other words, the Defendants acknowledge that the case was not removable based on the Plaintiffs' pleadings,

---

[1] The Court only addresses whether Plaintiff Foster's admissions unambiguously establish the minimum amount in controversy because it is dispositive of the remand issue.

interrogatory responses, or billing records obtained from third-party medical providers. (*Id.* at 3-4). According to the Defendants, the case only became removable after Plaintiff Foster's responses to request for admissions provided the link necessary to connect his injuries to the cost of medical treatment provided as a result of those injuries. As mentioned above, the Defendants rely on the following admissions to satisfy the minimum amount in controversy requirement:

> 52. Admit that you are seeking to recover monetary damages in this lawsuit that include expenses for the medical treatment you received from Russell County Community Hospital a/k/a Jack Hughston Memorial Hospital that you claim is attributable to the April 8, 2018 accident at issue.
>
> **RESPONSE: Plaintiff ADMITS that he seeks to recover expenses incurred pursuant to medical treatment with the aforementioned provider after the subject motor vehicle incident. However, Plaintiff DENIES the portion of this request that seeks to have Plaintiff admit or deny whether the treatment and/or charges are 'attributable to the April 8, 2018 accident at issue.' Any such request calls for a legal conclusion and an opinion regarding medical causation, neither of which Plaintiff is qualified to give. Lastly, Plaintiff objects as this request invades the province of the jury or trier of fact, which goes against the intent of ARCP 36.**
>
> ∗∗∗
>
> 60. Admit that the lumbar fusion you received was performed at Russell County Community Hospital a/k/a Jack Hughston Memorial Hospital and required in-patient hospitalization of at least two nights.
>
> **RESPONSE: Admitted.**
>
> 61. Admit that you are alleging in this lawsuit that you are continuing to experience physical pain through the present for injuries that you claim are attributable to the April 8, 2018 accident at issue.

**RESPONSE: Admit. However, Plaintiff objects to the portion of this request that seeks to have Plaintiff admit or deny whether Plaintiff's medical treatment is 'attributable to the April 8, 2018 accident at issue.' Any such request calls for a legal conclusion and an opinion regarding medical causation, neither of which Plaintiff is qualified to give. Lastly, Plaintiff objects as this request invades the province of the jury or trier of fact, which goes against the intent of ARCP 36.**

62. Admit that you are alleging in this lawsuit that you are continuing to experience physical limitations due to injuries that you claim are attributable to the April 8, 2018 accident at issue.

**RESPONSE: Admit. However, Plaintiff objects to the portion of this request that seeks to have Plaintiff admit or deny whether Plaintiff's medical treatment is 'attributable to the April 8, 2018 accident at issue.' Any such request calls for a legal conclusion and an opinion regarding medical causation, neither of which Plaintiff is qualified to give. Lastly, Plaintiff objects as this request invades the province of the jury or trier of fact, which goes against the intent of ARCP 36.**

***

66. Admit that you are alleging in this lawsuit that you continue to seek care for mental health symptoms that you claim are attributable to the April 8, 2018 accident at issue in this lawsuit.

**RESPONSE: Admit. However, Plaintiff objects to the portion of this request that seeks to have Plaintiff admit or deny whether Plaintiff's medical treatment is 'attributable to the April 8, 2018 accident at issue.' Any such request calls for a legal conclusion and an opinion regarding medical causation, neither of which Plaintiff is qualified to give. Lastly, Plaintiff objects as this request invades the province of the jury or trier of fact, which goes against the intent of ARCP 36.**

***

68. Admit that you are alleging in this lawsuit that you are continuing to lose wages as a result of the April 8, 2018 accident at issue.

> **RESPONSE: Admit.** However, Plaintiff objects to the portion of this request that seeks to have Plaintiff admit or deny whether Plaintiff's lost wage claim is 'attributable to the April 8, 2018 accident at issue.' Any such request calls for a legal conclusion and an opinion regarding medical causation, neither of which Plaintiff is qualified to give. Lastly, Plaintiff objects as this request invades the province of the jury or trier of fact, which goes against the intent of ARCP 36.

(Doc. 1-8 at 18-22). These admissions, taken together, fail to unambiguously establish the minimum amount in controversy.

First, none of the admissions that the Defendants rely upon provide a concrete assessment of Plaintiff Foster's damages. Plaintiff Foster simply admits to undergoing a lumbar fusion surgery at Russell County Community Hospital, continuing to experience physical pain, continuing to seek treatment for mental health care, and continuing to lose wages. Nowhere in these admissions does Plaintiff Foster quantify the value of the medical treatment he received, wages he is continuing to lose, or severity of his physical and psychological impairments. Contrary to the Defendants' assertions, the only concrete amount Plaintiff Foster admits to seeking is approximately $18,680.00 in property damage. (*Id.* at 23). This figure does not satisfy the amount in controversy requirement. *See Simpson v. Primerica Life Ins. Co.*, 2017 WL 2857699 at *7 (M.D. Ala. 2017) (finding that plaintiffs' admission to seeking $21,456.77 in compensatory damages failed to unambiguously establish the minimum amount in controversy).

Moreover, even applying "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to Plaintiff Foster's admissions, the Court cannot determine that the admissions unambiguously establish the amount in controversy. *Pretka v. Kolter City*

*Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). To find otherwise, the Court "would necessarily need to engage in impermissible speculation." *Lowery*, 483 F.3d at 1220; *see also Cameron v. Teeberry Logistics*, LLC, 920 F.Supp.2d 1309 (N.D. Ga. 2013) (finding that the plaintiff's discovery responses indicating that she had $62,432.45 in medical expenses and sought over seven months of lost wages did not unambiguously establish the amount in controversy). At best, Plaintiff Foster's admissions create uncertainty about the amount in controversy and "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Next, in their notice of removal, the Defendants contend that Plaintiff Foster has incurred approximately $112,401.37 in medical bills associated with the motor vehicle accident that gave rise to this lawsuit. (Doc. 1 at 6). For example, the Defendants highlight a $55,970.80 medical bill stemming from Plaintiff Foster's lower lumbar fusion and two-night hospitalization at Russell County Community Hospital. (*Id.*). While these medical bills appear to satisfy the minimum amount in controversy, the Defendants obtained such information from medical providers via third-party subpoenas, not Plaintiff Foster himself. Thus, the Defendants may not rely on, nor may the Court consider, the medical bills for purposes of satisfying the amount in controversy. Doing so would violate the "receipt from the plaintiff" rule. *See Pretka*, 608 F.3d at 761 (holding, in the context of § 1443(b)(3) removals, that "[t]he traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable one."); *see also Sallee v. Ford Motor Co.*, 2014 WL 1492874, at *5 (M.D. Ala. 2014) (finding that the "receipt from the plaintiff" rule

10

applied in § 1443(b)(3) removals). While Plaintiff Foster, in response to the request for admissions, admits that he seeks monetary damages for medical treatment he received after the car accident, his admissions do not fully incorporate the medical bills or the information contained therein such that the court can conclude that the requisite amount in controversy is unambiguously established.

Lastly, the Defendants cite *Ingram v. Hobby Lobby Stores, Inc.*, 2019 WL 3346483 (M.D. Ala. July 25, 2019) to support their removal claim. That case is readily distinguishable. In *Ingram*, this Court found that the plaintiff's pre-suit demand letter unambiguously established that the amount in controversy exceeded $75,000. *Id*. at 2. There, the pre-suit demand letter "set forth in detail [the plaintiff's] injuries, treatment, medications, medical procedures, medical expenses, and damages." *Id*. at 3. Further, the pre-suit demand letter "meticulously explain[ed] the nature of [the plaintiff's] injuries, her treatment, and how her injuries would support damages in the amount of $185,000." *Id*. Accordingly, the Court denied the plaintiff's motion to remand, concluding that "[t]he comprehensive description of injuries, medical treatment and damages moves this case from the realm of puffery and posturing into a concrete assessment of damages." *Id*.

Unlike *Ingram*, the instant case does not involve a pre-suit demand letter that scrupulously outlines Plaintiff Foster's damages. Rather, the admissions relied upon by the Defendants only reveal that Plaintiff Foster underwent a medical procedure at Russell County Community Hospital, continues to experience physical and mental limitations, and continues to lose wages. Such general admissions stop short of "meticulously explain[ing] the nature of [his] injuries, [his] treatment, and how [his] injuries would support damages

11

. . .." *Id.* Further distinguishing the present case from *Ingram* is the fact that Plaintiff Foster made no specific demand concerning his damages. Thus, absent a greater degree of specificity, the Court cannot conclude that the admissions unambiguously establish the minimum jurisdictional amount.

## V. CONCLUSION

Accordingly, because Plaintiff Foster's admissions fail to unambiguously establish that the amount in controversy exceeds $75,000, it is

ORDERED that the Plaintiff's Motion to Remand the case to the Circuit Court of Montgomery County (doc. 13) is hereby GRANTED.

The Clerk of the Court is DIRECTED to take the action necessary to accomplish the remand of this case to the Circuit Court of Montgomery County, Alabama.

DONE this 24th day of January, 2020.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE